### In re TELECOMMUNICATION PROVIDERS' FIBER OPTIC CABLE INSTALLATION LITIGATION

### MDL No. 1452.

Judicial Panel on Multidistrict Litigation.

April 16, 2002.

As Corrected April 29, 2002.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, MOREY L. SEAR, BRUCE M. SELYA,* JULIA SMITH GIBBONS, D. LOWELL JENSEN and J. FREDERICK MOTZ, Judges of the Panel.

matter.

## ORDER DENYING TRANSFER

This litigation currently consists of the 31 actions listed on the attached Schedule A and pending in twenty federal districts as follows: three actions in the District of Kansas; two actions each in the Eastern District of California, the District of Colorado, the Southern District of Indiana, the Western District of Louisiana, the Western District of Missouri, the District of Nebraska, the Northern District of Oklahoma, the District of Oregon, and the District of South Carolina; and one action each in the Northern District of Alabama, the Central District of California, the Southern District of Georgia, the District of Idaho, the Northern District of Illinois, the Southern District of Illinois, the Northern District of Indiana, the Southern District of Mississippi, the District of North Dakota, and the Eastern District of Texas. Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, brought by plaintiffs in fourteen actions seeking coordinated or consolidated pretrial proceedings of the actions in this litigation in the Northern District of Illinois or the Southern District of Indiana.[1] Plaintiffs in two related actions in the Middle District of North Carolina join the motion. In addition, plaintiffs in state court litigation in Tennessee who have intervened in the Northern District of Illinois action also favor transfer. Opposed to transfer are all defendants and plaintiffs in another fourteen actions subject to the motion. Should the Panel order transfer, all but three of these parties would support the District of Oregon as transferee district. Plaintiffs in related state court litigation in Louisiana who have intervened in the two Western District of Louisiana actions also oppose transfer.

On the basis of the papers filed and hearing session held, the Panel finds that Section 1407 centralization would not necessarily serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. Movants have failed to persuade us that any common questions of fact as opposed to questions of law are sufficiently complex, unresolved and/or numerous to justify Section 1407 transfer in this docket in which some constituent actions have been pending for several years and in which pretrial proceedings have been ongoing in both state and federal courts for thirteen years. We observe that many of the actions are procedurally so far advanced that discovery is completed or nearly completed, and a substantial number of class certification, summary judgment, dismissal, remand, and other motions have been fully briefed and decided or are pending in various courts. We also note that a nationwide class action settlement agreement has been reached with each of the five telecommunications companies named as defendants in the actions before the Panel. That settlement, if ultimately approved, would finally resolve the vast majority of the litigation sought to be transferred. We point out that alternatives to transfer exist that can minimize whatever possibilities there might otherwise be of duplicative discovery, inconsistent pretrial rulings, or both. *See, e.g., In re Eli Lilly and Company (Cephalexin Monohydrate) Patent Litigation,* 446 F.Supp. 242, 244 (J.P.M.L.1978); *see also Manual for Complex Litigation, Third,* § 31.14 (1995).

---

**1.** Four additional Southern District of Illinois actions that were subject to the Section 1407 motion have been dismissed or remanded to state court: *John H. Isaacs, et al. v. Sprint Corp., et al.,* S.D. Illinois, C.A. No. 3:00–155; *Ronald W. Poor, et al. v. Sprint Corp., et al.,* S.D. Illinois, C.A. No. 3:00–299; *Tri–County Feed Mill Inc. v. Qwest Communications International, Inc., et al.,* S.D. Illinois, C.A. No. 3:01–307; and *James Becherer, et al. v. Qwest Communications International, Inc., et al.,* S.D. Illinois, C.A. No. 3:01–689. Accordingly, the question of Section 1407 transfer with respect to these actions is moot at this time.

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of the actions listed on Schedule A is denied.

## SCHEDULE A

*Northern District of Alabama*

*Julius B. Cooper, Jr. v. MCI WorldCom Communications, Inc., et al.,* C.A. No. 4:01–1664

*Central District of California*

*William Nelson, et al. v. MCI WorldCom Network Services, et al.,* C.A. No. 2:01–8205

*Eastern District of California*

*Dirk Regan, et al. v. Qwest Communications International, Inc., et al.,* C.A. No. 2:01–766

*Dirk Regan, et al. v. Williams Companies, Inc., et al.,* C.A. No. 2:01–779

*District of Colorado*

*Orin Loos, et al. v. Level 3 Communications, LLC, et al.,* C.A. No. 1:01–75

*Robert C. Barr, et al. v. Qwest Communications International, Inc., et al.,* C.A. No. 2:01–748

*Southern District of Georgia*

*James E. Oellerich, et al. v. MCI WorldCom Communications, Inc., et al.,* C.A. No. 1:01–121

*District of Idaho*

*Dennis Koyle, et al. v. Level 3 Communications, Inc., et al.,* C.A. No. 1:01–286

*Northern District of Illinois*

*Vincent E. Buchenau, et al. v. Sprint Corp., et al.,* C.A. No. 1:99–3844

*Southern District of Illinois*

*Harriett Bauer, et al. v. Level 3 Communications, Inc., et al.,* C.A. No. 3:01–308

*Northern District of Indiana*

*Stanley J. Hynek, et al. v. MCI WorldCom Communications, Inc., et al.,* C.A. No. 3:00–758

*Southern District of Indiana*

*Rodney Busenbark, et al. v. MCI WorldCom, Inc., et al.,* C.A. No. 1:98–1245

*Jerry L. Ostler, et al. v. Level 3 Communications, Inc., et al.,* C.A. No. 1:00–718

*District of Kansas*

*Victor O. Browning v. MCI WorldCom Network Services, Inc., et al.,* C.A. No. 2:01–2230

*James B. Mulligan v. MCI WorldCom, Inc., et al.,* C.A. No. 5:00–4040

*Harold Watson, et al. v. Qwest Communications Corp., et al.,* C.A. No. 5:00–4132

*Western District of Louisiana*

*Randolph McCormick, et al. MCI WorldCom, et al.,* C.A. No. 6:01–415

*Don Alexander, et al v. MCI WorldCom, et al.,* C.A. No. 6:01–1237

*Southern District of Mississippi*

*Benjamin L. Carrubba, et al. v. WorldCom, Inc., et al.,* C.A. No. 1:01–282

*Western District of Missouri*

*Cirese Investment Co. v. Qwest Communications Corp., et. al.,* C.A. No. 4:00–42

*Cirese Investment Co. v. MCI WorldCom, Inc., et al.,* C.A. No. 4:00–50

*District of Nebraska*

*Patricia L. Eggerling, et al. v. Worldcom, et al.,* C.A. No. 4:00–543

*Devon Lewis v. Sprint Communications, LP, et al.,* C.A. No. 4:00–3278

*District of North Dakota*

*Marlyn E. Nudell, et al. v. Burlington Northern & Santa Fe Co., et al.,* C.A. No. 1:01–41

*Northern District of Oklahoma*

*M.A.S. Hallaba v. Worldcom Network Services, Inc., et al.,* C.A. No. 4:98–895

*George Shrier, et al. v. The Williams Companies, Inc., et al.,* C.A. No. 4:99–636

*District of Oregon*

*Geneva Rebb, et al. v. MCI WorldCom Communications, Inc., et al.,* C.A. No. 6:00–1568

*Bill Zografos, et al. v. Qwest Communications Corp.,* C.A. No. 6:00–6201

*District of South Carolina*

*Sustainable Forest LLC, et al. v. Qwest Communications International, Inc., et al.,* C.A. No. 0:01–2935

*Tommy L. Frederick, et al. v. MCI World-Com Communications, Inc., et al.,* C.A. No. 3:01–802

*Eastern District of Texas*

*Paul D. Drawhorn, et al. v. Qwest Communications International, et al.,* C.A. No. 1:99–415